UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-20746-CIV-MORENO**

BLUE SEAS HOLDING LLC,

    Plaintiff,

vs.

MARINE INSURANCE COMPANY LTD,

    Defendant.
_____/



## ORDER REMANDING CASE

THIS CAUSE came before the Court upon the Plaintiff's Motion to Remand **(D.E. No. 13)**, filed on **March 19, 2012**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.

## LEGAL STANDARD AND ANALYSIS

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The Plaintiff has moved to remand the case for four reasons. First, for a procedural defect arising from the Defendant's untimely filing of the notice of removal. Second, for a lack of complete diversity between the parties. Third, the insurance policy at issue states that deference will be given to the plaintiff's choice of forum. And fourth, that the state of Florida and its courts have an interest in adjudicating insurance matters occurring within the state of Florida. Remand is warranted by the first two reasons and therefore it is unnecessary for this Court to rule on the others.

Remand is warranted on the basis of the Defendant's untimely filing of the notice of removal. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within thirty days after the Defendant is served and such a procedural defect justifies remand of the case. *See Ferrari v. Safeco Surplus Lines Ins. Co.*, 2009 WL 1738350, *1 (S.D. Fla. 2009). The Defendant's Notice of Removal states that it was served with the complaint on January 18, 2012. However, the Defendant's Notice of Removal was not filed with this court until February 22, 2012, more than thirty days after it was served.

Remand is also warranted on the basis of lack of complete diversity. The Plaintiff is a citizen of the state of Florida where it is domiciled and has its principal place of business. The Defendant is a British insurer with its principal place of business in London, England that is doing business as a surplus lines insurance carrier in Florida. Pursuant to 28 U.S.C. § 1332, in a "direct action against the insurer of a policy or contract of liability insurance...to which action the insured is not joined as a party-defendant, such an insurer shall be deemed a citizen of (1) every state and Foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A). As stated in the Defendant's Notice of Removal, the Plaintiff's complaint alleges a cause of action for breach of contract and declaratory judgment with respect to a marine insurance policy. Thus, the Defendant, as the insurer, is deemed

a citizen of the state of Florida because the insured, the Plaintiff, is a citizen of the state of Florida.

## CONCLUSION

ORDERED AND ADJUDGED that this Case be, and the same is, hereby REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of March, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record
Clerk of the Court for the 11th Judicial Circuit in and for Dade County, Florida